UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

V.A.,

Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

Defendant-Appellee.

No. 19-35437

D.C. No. 3:16-cv-01437-AC
District of Oregon,
Portland

ORDER

Before:  M. MURPHY,[*] BENNETT, and MILLER, Circuit Judges.

Appellant's motion to seal the case, Dkt. 45, is **GRANTED IN PART** and

**DENIED IN PART**. We decline to seal the case in its entirety. *See* Ninth Cir. R.

27-13. The disposition filed July 22, 2020 is hereby withdrawn and a revised

disposition using the pseudonym "V.A." shall be filed concurrently with this order.

Appellant's petition for panel rehearing, Dkt. 46, is **DENIED**. No further

petitions for rehearing or rehearing en banc may be filed.

---

[*]      The Honorable Michael R. Murphy, United States Circuit Judge for
the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

V.A.,

               Plaintiff-Appellant,

  v.

ANDREW M. SAUL, Commissioner of
Social Security,

               Defendant-Appellee.

No.    19-35437

D.C. No. 3:16-cv-01437-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Submitted July 8, 2020[**]
Portland, Oregon

Before: M. MURPHY,[***] BENNETT, and MILLER, Circuit Judges.

    V.A. appeals from the district court's judgment affirming the Social Security

Administration's denial of her application for disability benefits. We have

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]      The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The ALJ did not err by rejecting Dr. Long's and Dr. Siemienczuk's opinions. Because Dr. Long and Dr. Siemienczuk treated V.A., their opinions are entitled to controlling weight if they are "not inconsistent with other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2). An ALJ may reject a treating physician's opinion that is contradicted by other medical opinion evidence, however, by providing "specific and legitimate reasons supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995) (internal quotation marks omitted).

Substantial evidence supports the ALJ's conclusions that Dr. Long's and Dr. Siemienczuk's opinions were unsupported by the medical evidence and contradicted by the opinions of other doctors. After Dr. Long ordered an MRI, he described the results as "minimally symptomatic" and said that it was "difficult to explain" V.A.'s reported pain "when [her] symptoms were not reproducible" in his physical examination. An examination from another treating physician, Dr. Sager, found "no abnormalities." A third treating physician, Dr. Layman, found full range of motion and rejected Dr. Long's opinion that V.A.'s pain was nerve-related. And the three doctors who examined V.A. as part of her worker's compensation claim similarly found no physical basis for a work restriction; one observed that she had "no objective condition[s] and no abnormalities," and two others were "mystified"

that Dr. Long sought invasive treatment for V.A.'s pain symptoms despite observing no objective clinical findings.

V.A. responds that the ALJ legally erred by considering the findings of doctors who examined V.A. for worker's compensation purposes. But we have held that "[t]he purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them." *Lester*, 81 F.3d at 832. And we have previously considered reports prepared by doctors who examined claimants for worker's compensation purposes—whose reports will, as often as not, benefit claimants. *See, e.g.*, *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1094 (9th Cir. 2014). We see no error in the ALJ's consideration of the examining-physician reports, and substantial evidence supports the ALJ's ultimate determination not to credit the more severe restrictions to which V.A.'s treating physicians opined.

2.      The ALJ also did not err in rejecting V.A.'s subjective pain testimony. If a claimant presents "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged," *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks omitted), an ALJ may reject her testimony "only by offering specific, clear and convincing reasons for doing so," *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

3

As a threshold matter, we reject the Commissioner's argument that because evidence in the record shows that V.A. may have been malingering, the ALJ needed offer only "specific, cogent reasons" for rejecting her pain testimony. The ALJ did not find that V.A. was malingering, so we cannot uphold the ALJ's decision on that basis. *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

The ALJ nevertheless provided specific, clear, and convincing reasons supported by substantial evidence for rejecting V.A.'s pain testimony. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). V.A. incorrectly posits that the ALJ failed to specify which testimony he credited or rejected; the ALJ's residual functional capacity reflected V.A.'s pain complaints as to her shoulders, and the ALJ specifically rejected V.A.'s further complaints "regarding the alleged pain in her arms, elbows, hands, fingers, and thumbs." The ALJ's basis for doing so was supported by substantial evidence in the record. As discussed above, V.A.'s pain complaints conflict with the objective medical evidence showing no abnormalities. *See id.* ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). And as Dr. Button—whose report the ALJ cited in rejecting V.A.'s pain testimony—observed, V.A.'s effort during his physical examination was "sorely lacking." *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (holding that a claimant's failure to give "maximum or consistent effort" during physical capacity

4

examinations was a "compelling" reason to reject her testimony).

3.     We have no jurisdiction to review the Appeals Council's decision not to remand the case after V.A. submitted an opinion from Dr. Mandiberg and medical evidence supporting a diagnosis of carpal tunnel syndrome. *See Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011). But we agree that we may consider whether the new evidence undermines the ALJ's findings because "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159–60 (9th Cir. 2012).

The new evidence does not undermine the substantial evidence on which the ALJ relied. "[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). Dr. Mandiberg's opinion, in particular, echoes the inconclusive physical findings of V.A.'s other doctors, and itself suggests that V.A. may be able to work jobs similar to those described in the ALJ's step-five findings. We find nothing in the electrodiagnostic or Dr. Mandiberg's report that undermines the substantial evidence supporting the ALJ's findings.

4.     We reject V.A.'s other arguments. The ALJ provided reasons that are germane to each witness for rejecting the lay witness testimony V.A. offered. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). And because the ALJ's weighing of the medical opinions was supported by substantial evidence, the ALJ did not err in holding that the lay witness testimony conflicted with the "more reliable medical evidence that the ALJ credited." *Molina v. Astrue*, 674 F.3d 1104, 1119 (9th Cir. 2012). Similarly, because the ALJ appropriately assessed V.A.'s residual functional capacity by weighing the medical evidence and rejecting V.A.'s subjective pain testimony, the ALJ did not err by failing to include V.A.'s other claimed limitations in his questions to the vocational expert. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

**AFFIRMED**.